UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
ISAAC TORRES,                                                    :
                                                                 :
                       Petitioner,             :     **<u>ORDER GRANTING PETITION</u>**
      v.                                                         :     **<u>FOR HABEAS CORPUS</u>**
                                                                 :
UNITED STATES OF AMERICA,                                        :     16 Cr. 233 (AKH)
                                                                 :
                       Respondent.             :
---------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On October 16, 2016, Petitioner Isaac Torres pled guilty to two of the four counts in his Indictment: (1) conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 ("Count One"); and (2) possessing a firearm in furtherance of a "crime of violence," in violation of 18 U.S.C. § 924(c) ("Count Four"). *See* ECF Nos. 10 (Indictment) and 29 (Plea). Torres was also charged with one count of attempted Hobbs Act robbery and one count of conspiracy to distribute narcotics, but did not plead guilty to either of those counts. *See*, *e.g.*, ECF No. 27, at 20:7-8 (Torres is guilty only of "the crimes alleged in Counts One and Four of the indictment"). Now before me is Torres's petition, filed on May 12, 2020, made pursuant to 28 U.S.C. § 2255, seeking to vacate his conviction on Count Four on the grounds that conspiring to commit Hobbs Act robbery is not a "crime of violence." *See* ECF No. 115. The petition is granted.

        As the government recognizes in its opposition letter, I have already granted substantively identical habeas petitions brought by Torres's two co-defendants. *See* ECF Nos. 95 (Angel Velasquez) and 106 (Carlos Ortiz). *See* ECF No. 118 ("Of course, the Government recognizes that the Court has held with both co-defendants that relief is appropriate."). The same reasoning applies with equal force here. Torres, like both of his co-defendants, allocuted only to conspiracy to commit Hobbs Act robbery, and not to any valid predicate capable of supporting a Section 924(c) charge. *See*, *e.g.*, ECF No. 27, at 14:15-16 (The Government: "[T]he Hobbs Act

robbery conspiracy would satisfy the [crime of violence]."). Accordingly, and for all the reasons set forth in my orders as to Torres's co-defendants, *see* ECF Nos. 95, 106, the instant petition is granted. The Clerk is directed to close out the open motion (ECF No. 115).

        Torres shall appear for resentencing at 11:00 a.m. on September 9, 2020. The Court directs Probation to prepare a supplemental Presentence Investigation Report to calculate a revised guideline range and update the Court on Torres's behavior while in custody, which supplemental report shall be completed and distributed to the parties and the Court at least two weeks before Torres's resentencing.

SO ORDERED.

Dated:    June 8, 2020                _____/s/_____
          New York, New York        ALVIN K. HELLERSTEIN
                                          United States District Judge